(No. 1363—<span style="background:black"></span>

CHILD'S, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1929.*
*Rehearing denied June 26, 1929.*

PAUL O'DONNELL, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

This claim is for the refund of $7,654.03 initial fees and franchise taxes paid as follows:

| | |
|---|---|
| April, 1924, initial fee | $1,819.60 |
| April, 1924, franchise tax | $2,426.13 |
| July, 1925, franchise tax | $1,776.30 |
| July, 1926, franchise tax | $1,632.00 |

Claimant is a foreign corporation. Since these fees and taxes were paid the Supreme Court, in a suit to which claimant was not a party, has held the law under which they were paid unconstitutional. Claimant now asks for an award against the State for the amount of fees and taxes paid on the ground that the State had no legal right to collect them.

It has been stipulated by the Attorney General and attorney for claimant that within thirty days after the payments made in April, 1924, and July, 1925, were paid to the Secretary of State claimant filed a bill in equity in the Circuit Court of Sangamon County, and secured a temporary injunction restraining the Secretary from paying said fees and taxes into the State Treasury, alleging the law under which the fees and taxes were paid was unconstitutional and

said fees and taxes were not legally due to the State; that the Attorney General filed a demurrer to the bill in each case and the bill was dismissed for want of equity; that no appeal was taken from the decree dismissing the bill in either of the cases; that all the cases were decided before the Supreme Court had held the law unconstitutional; and that the decree in each case was entered on the theory that the law was valid and constitutional.

It is a fundamental principle of our jurisprudence that a judgment or decree of a court having jurisdiction of the subject matter and parties in a cause before it is binding upon the parties until reversed or set aside. This rule is so well known that the citation of authorities is not necessary.

Claimant brought its suits in equity in the Circuit Court of Sangamon County for the same relief it is asking here, i. e., for an order for the refund of these fees and taxes on the ground the law under which they were collected was unconstitutional. That court held against claimant and refused to order the moneys refunded to it. If claimant felt itself aggrieved or wronged by those decisions, the law gave it the right to have them reviewed by the Supreme Court of the State. Claimant chose not to exercise that right but acquiesced in the decrees. It is therefore bound by them. This court has no appellate jurisdiction and cannot review or set aside the orders and decrees of the Circuit Courts of the State. To grant the relief asked for in this case would, in effect, set aside and reverse the decrees entered in those cases by the Circuit Court of Sangamon County. This court has no power to do that directly or indirectly.

Section 2a of the Act in relation to the payment of the public money of the State into the State Treasury provides that every officer receiving public moneys for the State paid under protest shall hold such moneys thirty days and upon the expiration of that period deposit the same with the State Treasurer unless the party making such payment shall within such period file a bill in chancery and secure a temporary injunction restraining the making of such deposit, in which case such payment shall be held until the final order or decree of the court. This provision of the law gave claimant the right to have the validity of the tax paid in 1926 determined by a court of general jurisdiction, and to secure a decree for the repayment of it to claimant if the court found it had

been illegally collected. Claimant elected not to avail itself of the right given by this statute and permitted the tax to be paid into the State Treasury. Having made its election, it is bound by it. Where a claimant had a remedy in a court of general jurisdiction and failed to pursue such remedy this court will not take jurisdiction. (*Moline Plow Co.* v. *State*, 5 Ct. Cl. 277.)

The claim is therefore denied and the case dismissed.

On June 26, 1929, upon petition for rehearing the following additional opinion was filed:

The original opinion in this case was filed May 9, 1929, and by verbal agreement of parties the petition for rehearing was submitted on the original record. There is nothing in the original record in this case that will justify this court in granting a rehearing and the petition is therefore denied.